# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BEVERLY R. JAMISON,**

    **Plaintiff,**

**v.**                                                              **Civil Action No. 3:06CV39**
                                                                    **(Judge Bailey)**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 18) dated June 15, 2007, and the petitioners corresponding objections (Doc. 19) filed on June 25, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 18)** should be, and is, **ORDERED ADOPTED**.

On April 24, 2006, the plaintiff filed her Complaint (Doc. 1) seeking judicial review

of an decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). By standing order of the Court, this case was referrred to the United States Magistrate Judge James E. Seibert, for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment. In support of her motion, claimant contends that the decision of the Administrate Law Judge (ALJ) was not supported by substantial evidence. Specifically, claimant contends that Appeals Council erred in failing to explicitly evaluate and weigh a post-decision functional capacity report prepared by a physical therapist in declining to grant plaintiff's request for review. Further, claimant contends that when the record is supplemented with this functional capacity report, the decision of the ALJ is not supported by substantial evidence.

After review of the above, Magistrate Judge Seibert concluded that the decision of the Appeals Council to consider the additional evidence, without specifying the weight accorded to such evidence, did not contravene the law of this Circuit. In addition, Magistrate Judge Seibert found that, after evaluating the record as a whole, the decision of the ALJ was in fact supported by substantial evidence. On June 26, 2007, the claimant filed her objections to the Report and Recommendation (Doc. 18). Specifically, the claimant objects to the finding that the Appeals Council did not error in fully evaluating the post-decision functional capacity report, particularly by failing to discuss the weight and effect given to the report. In addition, the claimant objects to the finding of the Magistrate Judge that the Appeals Council did not error in failing articulate and discuss the new evidence, and also, that the decision of the ALJ was supported by substantial evidence.

As an initial matter, the Court notes that, pursuant to 20 C.F.R. § 404.970(b), the Appeals Council is required to evaluate the entire record in deciding whether to grant

review where the claimant submits new and material evidence relating to the period on or before the date of the ALJ's decision. Under such circumstances, the Appeals Council will only grant review if, "it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record." 20 C.F.R. § 404.970(b).

Because the post-decision functional capacity report was not material within the meaning of 20 C.F.R. § 404.970(b), the Court finds that the Appeals council did not error in failing to "discuss with particularity the weight and effect of the functional capacity evaluation." As noted above, the Appeals Council has a duty to consider new and material evidence relating to the period on or before the date of the ALJ's decision. Under, Fourth Circuit law, "[e]vidence is material if there is a reasonably possibility that the new evidence would have changed the outcome." ***Wilkins v. Sec'y, Dep't of Health & Human Servs.***, 953 F.2d 93, 94 (4th Cir. 1991). Further, under the regulations, the opinions of physical therapists constitute other sources, which are entitled to significantly less weight than acceptable medical sources. ***Craig v. Chater***, 76 F.3d 585, 590 (4th Cir. 1996). In determining what weight to afford a functional capacity evaluation performed by a physical therapist, one court within this Circuit found that such an "evaluation is not likely to change the Commissioner's decision, as a physical therapist is not considered an acceptable medical source who can provide evidence as to an impairment." ***Howell v. Barnhart***, 2006 WL 337540 (W.D. Va.) (citing 20 C.F.R. § 416.913). As such, the Court finds that given the options of the consulting physicians indicating that the claimant retains the ability to work, there is no reasonable possibility that the new evidence would have changed the outcome. Therefore, the Court concludes that the functional capacity evaluation is not material within

the meaning of 20 C.F.R. § 404.970(b).

In the alternative, even if the post-decision functional capacity report could be considered material, the Appeals Council did not error because the evidence was considered and because there is no duty to specifically articulate the assessment of the new evidence when refusing to grant review. Initially, it should be noted that the Appeals Council did list the post-decision functional capacity report as a material considered in the Notice of Appeals Council Action. Accordingly, the Court finds that the Appeals Council did in fact consider the post-decision functional capacity report. However, claimant contends that pursuant to ***Myers v. Califano,*** 611 F.2d 980 (4th Cir. 1980), the failure of the Appeals Council to explicitly make findings on, and to indicate the weight afforded to, new evidence is reversible error. ***Id.*** at 983.

While cognizant of the Fourth Circuit's directive in ***Myers,*** this Court is not prepared to ignore the substantial body of more recent case law within this Circuit, finding that, "[t]he Appeals Council is not obligated to supply reasons for refusing to grant review under § 404.970, even if a claimant has submitted new evidence. ***Davis v. Barnhart,*** 392 F. Supp. 2d 747, 751 (W.D. Va. 2005) (citing ***Freeman v. Halter,*** Fed. Appx. 87, 89 (4th Cir. 2001) (unpublished opinion) (stating that, "the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision")); ***Hollar v. Commissioner,*** 194 F.3d 1304 (4th Cir. 1999) (unpublished opinion); ***Riley v. Apfel,*** 88 F. Supp. 2d 572, 580 (W.D. Va. 2000); ***Ridings v. Apfel***, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999). In recognition of the above, the Court concurs with the finding of the Magistrate Judge that, where the Appeals council incorporates new evidence into the record but does not make specific findings, the

reviewing court should simply weigh all the evidence on the record to determine if substantial evidence exists.  **See King v. Barnhart,** 415 F. Supp. 607 (E.D. NC 2005). Accordingly, the Court finds no error in the failure of the Appeals Council to explicitly make findings on, and to indicate the weight afforded to, the post-decision functional capacity report.

As a final matter, the Court concurs with the finding of the Magistrate Judge that, based on the entire record, the decision of the ALJ is supported by substantial evidence. Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  While substantial evidence consists of more than a mere scintilla of evidence, somewhat less than a preponderance of evidence may suffice.  **Craig v. Chater,** 76 F.3d 585, 589.  In considering the facts of this case, the Court finds the ALJ's decision to be supported by substantial evidence.  Initially, the opinions of the claimant's consulting physicians support the finding that the claimant retains the ability to work.  Specifically, claimant's physical residual functional capacity assessments confirm that she suffered only minor exertional limitations with no postural, manipulative, visual, communicative, or environmental limitations.  In addition, one such assessment concluded that the claimant could frequently lift ten pounds, occasionally lift twenty pounds, and sit and stand for six hours in a work day.  Moreover, claimants daily activities support the finding of Magistrate Judge that the decision of the ALJ was supported by substantial evidence.  Specifically, the Court finds that claimant's ability to drive, to walk without a limp, to wash dishes, and to do laundry is inconsistent with the degree of disability alleged.

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 18), the Court

**ORDERS** as follows:

1. That the **Report and Recommendation of the Magistrate Judge (Doc. 18)** is **ADOPTED**;

2. That **Plaintiff's Motion for Judgment on the Pleadings (Doc. 14)** is **DENIED**;

3. That **Defendant's Motion for Summary Judgment (Doc. 15)** is **GRANTED**;

4. That this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record.

**DATED** this 12th day of September 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE